**IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI**

**SHELBY BOLES AND**
**WILLIAM BOLES**                                                                                    **PLAINTIFFS**

v.                                                                                                    **Cause No. 21-90**

**DUPONT NURSING, INC.,**
**MICHAEL CROCHET,**
**ABC CORPORATIONS 1-5, AND JOHN DOES 1-5**                                                          **DEFENDANTS**

**(JURY TRIAL DEMANDED)**

---

## AMENDED COMPLAINT

Plaintiffs, Shelby Boles ("Shelby") and William Boles ("William") (collectively "Plaintiffs"), file their Amended Complaint against Defendants Dupont Nursing, Inc. ("Dupont"), Michael Crochet ("Crochet"), ABC Corporations 1-5, and John Does 1-5, and request judgment against Defendants and in further support provides the Court as follows:

### Parties

1. Plaintiff, Shelby Boles (formerly Hilton), was an adult resident citizen of Florence, MS at the time of the collision and now resides in Jacksonville, North Carolina.

2. Plaintiff, William Boles, is an adult resident citizen of Jacksonville, North Carolina.

3. Defendant, Dupont, is a Louisiana corporation with is principal business establishment in Plaquemine, LA 70764 and may be served with process, by serving a copy of the Summons and Complaint upon its registered agent for process, Robert J. Dupont, Jr. 30235 Dupont Lane, Plaquemine, LA 70764.

4. Defendant, Crochet, upon information and belief, is a resident citizen of Louisiana and may be served with process by serving a copy of the Summons and Complaint upon

Page **1** of **8**



him at 58220 Sherburne Street, Plaquemine, LA 70764.

5. Defendants ABC Corporations 1-5 at all times relevant hereto are unidentified companies whose true identity and place of business are presently unknown, and which were involved in matters which are the subject of this litigation. Plaintiffs will amend this Complaint at such time as the identities of those ABC Corporation defendants become known throughout the course of continuing investigation and discovery.

6. Defendants John Does 1-5 at all times relevant hereto are unidentified unincorporated companies or individuals whose true identity and address are presently unknown, and where were involved in matters which are the subject of this litigation. Plaintiffs will amend this Complaint at such time as the identities of these John Doe defendants become known throughout the course of continuing investigation and discovery.

## Jurisdiction & Venue

7. Jurisdiction is proper in this Court because this is a tort action, the motor vehicle incident occurred in Rankin County, and Circuit Court is the Court of General Jurisdiction.

8. Venue is proper in this Court pursuant to MCA§ 11-11-3.

## Background & Facts

9. On or about May 10, 2018, Shelby was traveling west in her 2018 Saturn Vue on Highway 18 in Rankin County, Mississippi, near the intersection of Highway 18 and Cannon Road. Shelby was unable to stop her vehicle once she realized a 2004 Honda Accord in front of her was completely stopped in the road waiting to turn onto Cannon Road. Shelby's car

made slight contact with the Honda and the two cars came to a rest in the westbound lane.

10. Traveling in the opposite direction and in eastbound lane, was Defendant Crochet, who was operating a 2017 Freightliner Truck, bearing Indiana license tag number 2435154. Upon information and belief, Freightliner was owned by Penske, and Defendant Crochet was operating the 2017 Freightliner in the course and scope of his employment with Penske.

11. Suddenly and without warning, Defendant Crochet failed to keep a proper lookout, veered into Shelby's lane, and negligently collided into Shelby's much smaller saturn vehicle. The force of the impact was so tremendous that it crushed Shelby's car, pushed it many yards down Highway 18.

12. Shelby sustained severe bodily injuries and has been forced to undergo eleven (11) surgeries as a result of the subject wreck.

## Count I – Claims for Negligence against Defendant Crochet

13. Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

14. Crochet was negligent in the operation of his truck in the following respects:

    a. failed to keep a proper lookout for others;

    b. failed to keep his car under control;

    c. failed to see what reasonably should have been seen;

    d. failed to keep proper and reasonable distance between his and Shelby's vehicles;

    e. failed to reduce speed to avoid collision;

    f. failed to slow or otherwise maneuver his motor vehicle so as to avoid causing collision;

    g. operated his vehicle when his vehicle was not physically capable of safe operation, including having proper visual acuity;

    h.    failed to drive his vehicle in a safe and reasonable manner;

    I.    failed to pay attention to circumstances around him;

    J.    utilized an unreasonable and unsafe route;

    k.    failed to drive with due regard for the safety of others;

    l.    violated weight restrictions;

    m.    violated applicable permits;

    n.    operated a commercial motor vehicle while fatigued;

    o.    operated a commercial motor vehicle while his ability and alertness was impaired;

    p.    failed to properly maintain and inspect his commercial vehicle;

    q.    failed to warn the decedent;

    r.    failed to yield to the decedent;

    s.    failed to adequately and reasonable monitor the flow of traffic; and

    t.    other acts of negligence to be shown at a trial of this cause.

15. One, some, or all of the aforesaid acts of negligence were the direct and proximate cause of the collision at issue and Shelby's resulting severe injuries and damages.

## Count II – Per Se Violations of Statutory Laws & Duties

16. Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

17. At the time of the wreck in question, the following Federal Regulations as well as statutes of the State of Mississippi were in full force and effect and were violated by Defendant Crochet, constituting negligence per se:

    a.    violated state and federal statutes and regulations, including but not limited to 49 C.F.R. § 350 to 399;

    b.    violated MCA § 63-3-505, by failing to operate his motor vehicle at a reasonable rates of speed;

    c.    violated the ten (10) hour rule [395.3(a)(l)];

    d.    violated the 70 hour rule [395.3(b)];

    e.    violated MCA § 63-3-1213, by driving his motor vehicle in a careless and imprudent manner without due regard for traffic and all other attendant circumstances;

    f.    failing to properly inspect his commercial motor vehicle [396.13];

    g.    failing to complete and sign the required vehicle inspection reports [396.11];

    h.    failing to properly inspect cargo [392.9];

    1.    failing to properly secure cargo [393.102];

    J.    violated MCA § 63-3-619(1) by failing to have due regard to the speed of the vehicles and the traffic conditions at the time.

    k.    violated MCA § 63-3-505, by failing to slow or otherwise maneuver his motor vehicle so as to avoid colliding with the motor vehicle in front of him and being operated by Crochet.

    l.    violated MCA 63-3-401 by failing to fulfill the requirements of MCA 43-3-405;

    m.    violated MCA 63-3-405 by failing to render reasonable assistance;

    n.    violated MCA 63-3-601 by failing to drive upon the right half of the roadway;

    o.    violated MCA 63-3-609 by failing to pass to the left of at a safe distance;

    p.    violated MCA 63-3-611 by driving to the left under conditions that there in existed.

    q.    violated MCA 63-3-1201 by driving his vehicle in such a manner as to indicate either a willful or a wanton disregard for the safety of persons or property;

    r.    violated MCA 63-3-1213 by driving his vehicle in a careless or imprudent manner, without due regard for the width, grade, cures, corner, traffic and use of the stresses and highways and all other attendant circumstances.

18.    One, some or all of the aforesaid acts of negligence were the direct and proximate cause of

the collision at issue and Shelby's resulting severe injuries and damages.

### Count III – Claim for *Respondeat Superior*

19. Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

20. At the time of the collision described herein, Defendant Crochet was acting within the course and scope of his employment with Dupont.

21. Any and all negligent acts or omissions of Defendant Crochet are directly imputed to Dupont. Dupont is responsible for the injuries and damages resulting from Crochet's negligent acts and/or omissions under the doctrines of vicarious liability and respondent superior.

### Count IV – Negligent Entrustment

22. Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

23. Dupont was the lessee of the tractor-trailer driven by its employee Defendant Crochet at the time of the subject collision. Dupont contracted with and/or hired Crochet and had knowledge of and consented to Crochet driving the truck.

24. Penske was negligent in allowing Crochet to use the vehicle, and therefore, negligently entrusted the vehicle to his possession and custody for use.

25. The negligent entrustment of the tractor-trailer to Crochet caused or contributed to the severe bodily injuries to Shelby.

### Count V – Negligent Hiring, Negligent Training, Negligent Retention, Negligent Supervision, and Improper Vehicle Maintenance & Inspection

26. Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

27. Defendant Dupont has a duty to act reasonably in hiring, retaining, training and/or supervising Crochet and to promulgate and enforce rules and regulations to ensure that drivers and vehicles which they own or which operate on their behalf are reasonably safe. Defendant

Dupont further has a duty to reasonably and properly maintain and inspect its vehicles it leases from Penske, or ensure that same are reasonably and properly maintained and inspected.

28. Dupont failed and breached the above-mentioned duties and is therefore negligent.

29. The negligence of Dupont was the direct and proximate cause of the collision at issue and of Shelby's severe injuries and damages.

## Count VI – Loss of Consortium

30. Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

31. Because of the injuries suffered in the collision by Shelby, her husband, William, has lost and been deprived of the services of his wife, including loss of society, companionship, consortium, love and affection, and the loss of participation together in the activities, duties, and responsibilities of making a home.

32. And William will continue to be permanently so deprived of as a result of the injuries suffered by Shelby.

33. Thus, William is entitled to all damages available and shown at trial for loss of consortium.

## Damages

34. Shelby incorporates and re-alleges all previous paragraphs set out herein.

35. Defendants' actions and inactions demonstrate a conscious disregard for the rights and safety of Shelby and the rest of the public. Therefore, Shelby demands punitive damages against Defendants.

36. As a result of the aforementioned acts and/or omissions, Defendants are liable for all elements of damages, past, present, and future, arising from the serious injuries to Shelby,

including:

a. Past, present, and future physical pain and suffering of Shelby;
b. Past, present, and future emotional and mental suffering of Shelby;
c. Hospital bills, doctor bills, prescription drug bills and other medical and medical-related expenses which have been incurred and which will continue to be incurred in the future;
d. Lost wages;
e. Temporary and permanent physical impairment and disability;
f. Past, Present, and Future Loss of enjoyment of life;
g. Loss of Consortium; and
h. Punitive damages pursuant to the Mississippi Punitive Damage Statute, Miss. Code Ann. 11-1-65.

Thus, Plaintiff's demand judgment against the Defendants, jointly and severally, for an amount of actual, compensatory, specials and punitive damages to be determined by a jury of their peers. Plaintiffs also seek all attorney fees and costs, pre-judgment interest, post-judgment interest and all other relief according to law.

Respectfully submitted this the 2nd of August, 2021.

**SHELBY BOLES & WILLIAM BOLES,
Plaintiffs**

*/s/ Cory N. Ferraez*
CORY N. FERRAEZ, MSB #104250

Cory N. Ferraez, MSB#104770
Ferraez & Associates, PLLC
6152 Hwy 98 W, Suite 20
Hattiesburg, MS 39402
P: (601) 915-2679
F: (601) 258-8219
callcoryms@gmail.com